## CIRCUIT COURT OF LOUDOUN COUNTY

Cary Reed Young,
Personal Representative
of the Estate of
Jacqueline Bernice Young,
deceased

v.

Loudoun Long Term
Care Center

August 2, 2004

Case No. (Law) 25411

BY JUDGE JAMES H. CHAMBLIN

This nursing home malpractice case came before the Court on July 7, 2004, for argument on the Plaintiff's Motion to Compel Discovery. The motion concerned several issues, all of which were ruled upon on July 7, 2004, except for an issue involving the identity of the decedent's roommate at the Loudoun Long Term Care Center ("Long Term Care").

The Plaintiff seeks by interrogatory the name, address, and telephone number of the roommate of the decedent while she was at Long Term Care. The Plaintiff has acquired information that the decedent's roommate witnessed at least one of the decedent's falls at Long Term Care. Citing the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Long Term Care refuses to disclose this information.

The Motion to Compel is granted, and Long Term Care is ordered to provide Plaintiff's counsel with the name, address, and telephone number of decedent's roommate while the decedent was at Long Term Care, but that such disclosure shall be subject to a "qualified protective order," as more particularly hereinafter described.

I thank counsel for providing me with copies of the portions of HIPAA and the federal regulations ("CFR") issued pursuant to HIPAA, on which counsel rely.

HIPAA clearly prohibits the disclosure of "protected health information" by Long Term Care. 45 CFR § 164.502(a). However, there are several permitted disclosures. 45 CFR § 164.502(a)(1). One such permitted disclosure is "as permitted by this section, § 164.512. . . ." 45 CFR § 164.502(a)(1)(vi).

45 CFR § 164.512 concerns disclosures for which an authorization or an opportunity to agree or object is not required. 45 CFR § 164.512(e) deals with disclosures in judicial proceedings, and it provides, in pertinent part:

(1) *Permitted disclosures.* A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:

(i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order. . . .

(ii) if. . . .

(B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section. . . .

(iv) For the purposes of paragraph (e)(1)(ii)(B) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information, if the covered entity receives from such party a written statement and accompanying documentation demonstrating that. . . .

(B) The party seeking the protected health information has requested a qualified protective order from such court or administrative tribunal.

(v) For purposes of paragraph (e)(1) of this section, a *qualified protective order* means, with respect to protected health information requested under paragraph (e)(1)(ii) of this section, an

order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that:

(A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

(B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

The foregoing exception to the "basic rule" of nondisclosure of HIPAA applies.

Therefore, Long Term Care is ordered to provide to Plaintiff's counsel the name, address, and telephone number of the decedent's roommate, and such disclosure shall be subject to a "qualified protective order" prohibiting the Plaintiff and his counsel from using or disclosing such information for any purpose other than this litigation and requiring that, at the end of this litigation, Plaintiff and his counsel return to Long Term Care or destroy such information including any copies made.

I am assuming without deciding that the identity of a patient is included in the definition of "protected health information" under HIPAA.

Virginia's health records privacy statute, Va. Code § 32.1-127.1:03, allows the disclosure of a patient's "health records" pursuant to court order upon a good cause shown. Va. Code § 32.1-127.1:03(D)(2). The decedent's roommate may be a witness to the treatment of the decedent at Long Term Care. I think this is good cause for issuance of the order. I assume without deciding that the identity of a patient is included within the definition of "health records" in Va. Code § 32.1-127.1:3(B).